IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   13-cv-03307-WYD-MJW

ROSE JACOBSON,

    Plaintiff,

v.

CREDIT CONTROL SERVICES, INC., a
Delaware corporation,

    Defendant.

**ORDER**

I.    <u>INTRODUCTION AND BACKGROUND</u>

    This matter is before the Court on the Defendant Credit Control Services, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (ECF No. 15).

    On December 9, 2013, Plaintiff Rose Jacobson filed a complaint alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  Plaintiff claims that the Defendant violated the FDCPA by, among other things, making false representations in connection with its attempts to collect Plaintiff's debt.  (Compl. ¶¶ 1-62).  In her prayer for relief, Plaintiff seeks "[d]amages pursuant to 15 U.S.C. § 1692k(a)" and "[r]easonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3)."  (Compl. at 11).

    On January 7, 2014, Defendant tendered Plaintiff an Offer of Judgment pursuant to Fed. R. Civ. P. 68.  (ECF No. 15-1).  Rule 68 states in relevant part, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an

opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If a plaintiff rejects a Rule 68 offer, he or she must pay costs incurred after the offer was made if the amount awarded at trial is less than the offer. Fed. R. Civ. P. 68(d). Defendant's Offer of Judgment stated that pursuant to Fed. R. Civ. P. 68,

> Defendant hereby offers to allow judgment to be taken against it in favor of Plaintiff Rose Jacobson, ... as follows:
>
> 1) Judgment shall be entered in the total amount of One Thousand One Dollars ($1,001.00), as against Defendant;
>
> 2) In addition, Plaintiff's costs and reasonable attorneys' fees are to be added to the judgment as against Defendant; said fees and costs shall be as are agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion; ...

(ECF No. 15-1 at 1). Plaintiff did not accept Defendant's Offer of Judgment within fourteen days. On May 19, 2014, the Defendant filed the pending motion to dismiss.

II.     DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Instead, it is a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of a complaint. *See Casteneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The party asserting jurisdiction has the burden of establishing subject matter

jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Should the court lack jurisdiction, it "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

In general, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes on two forms: a "facial attack" on the complaint's allegations in which the court must accept the allegations as true, and a "factual attack," in which the court has wide discretion to review matters outside the pleadings to resolve jurisdictional facts. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (internal citations omitted). Here, Defendant proffers this motion as a "factual attack" with respect to subject matter jurisdiction. When making a Rule 12(b)(1) "factual attack," a party may rely on affidavits or other evidence properly before the court. *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995); *Holt*, 46 F.3d at 1003. A court has broad discretion to consider affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b)(1). *Id.* In those instances, a court's reference to evidence outside the pleadings does not necessarily convert the motion to a Rule 56 motion for summary judgment. *Id.*

Section 1692k(a) of the FDCPA states, in relevant part, that debt collectors who violate the FDCPA are liable to plaintiffs in an amount equal to the sum of: "(1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not

jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Should the court lack jurisdiction, it "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

In general, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes on two forms: a "facial attack" on the complaint's allegations in which the court must accept the allegations as true, and a "factual attack," in which the court has wide discretion to review matters outside the pleadings to resolve jurisdictional facts. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (internal citations omitted). Here, Defendant proffers this motion as a "factual attack" with respect to subject matter jurisdiction. When making a Rule 12(b)(1) "factual attack," a party may rely on affidavits or other evidence properly before the court. *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995); *Holt*, 46 F.3d at 1003. A court has broad discretion to consider affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b)(1). *Id.* In those instances, a court's reference to evidence outside the pleadings does not necessarily convert the motion to a Rule 56 motion for summary judgment. *Id.*

Section 1692k(a) of the FDCPA states, in relevant part, that debt collectors who violate the FDCPA are liable to plaintiffs in an amount equal to the sum of: "(1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not

exceeding $1,000." 15 U.S.C. § 1692k(a). Here, Plaintiff's Complaint seeks damages, reasonable attorney's fees and costs. However, in the pending motion to dismiss, Defendant argues that because Plaintiff filed a notice clarifying that she is waiving her claim for actual damages, Defendant's Offer of Judgment of $1001.00 plus attorney's fees and costs constituted the total relief available to Plaintiff should the case proceed to trial. (ECF No. 14). Defendant goes on to maintain that "Plaintiff's failure to accept Defendant's Offer of Judgment, which offered her in excess of what she can possibly recover at trial renders her case moot and entitles her to no award." (ECF No. 15 at 7).

A majority of circuits have accepted Defendant's argument that an Offer of Judgment for the full relief to which a plaintiff is entitled may moot a case. *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011) (stating that "[w]hile [the Tenth Circuit] has yet to address the question squarely, other circuits have concluded that if a defendant makes an offer of judgment in complete satisfaction of a plaintiff's claims ... the plaintiff's claims are rendered moot because he lacks a remaining interest in the outcome of the case"); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008); *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991); *contra Diaz v. First Am. Homes Buyers Prot. Corp.*, 732 F.3d 948, 953-55 (9th Cir. 2013).

Given the authority cited above and the Tenth Circuit's apparent approval of that line of cases, I agree with Defendant's argument that when an Offer of Judgment

unequivocally offers a plaintiff all the relief she sought to obtain, the offer renders the plaintiff's action moot. *See Warren*, 676 F.3d at 371; *see Lucero*, 639 F.3d at 1243. Here, because Plaintiff waived her claim for actual damages (ECF No. 14), I find that Defendant's unequivocal Offer of Judgment of $1001.00 plus reasonable attorney's fees and costs offered Plaintiff an amount that exceeds what she can recover pursuant to 15 U.S.C. § 1692k(a). Thus, Plaintiff's action is moot and must be dismissed for lack of subject matter jurisdiction. *See Citizens for the Responsible Government State PAC v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (holding that "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" and "[t]he parties must continue to have a personal stake in the outcome throughout the case").

III. CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant Credit Control Services, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (ECF No. 15) is **GRANTED.** Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated: September 17, 2014

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE