IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-003307-WYD-MJW

ROSE JACOBSON,

    Plaintiff,

v.

CREDIT CONTROL SERVICES, INC., a Delaware corporation,

    Defendant.

**ORDER**

I.    <u>INTRODUCTION AND BACKGROUND</u>

This matter is before me on both the Defendant's Motion for Finding that Plaintiff's Complaint was Unreasonable and Vexatious (ECF No. 26) and Plaintiff's Motion for Review of the Court Clerk's Taxation of Costs (ECF No. 30). For the reasons stated below, both motions are denied.

By way of background, on December 9, 2013, Plaintiff filed a complaint alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff claimed that the Defendant violated the FDCPA by, among other things, making false representations in connection with its attempts to collect Plaintiff's debt. (ECF No. 1). In her prayer for relief, Plaintiff sought "[d]amages pursuant to 15 U.S.C. § 1692k(a)" and "[r]easonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3)." (*Id.* at 11).

On January 7, 2014, Defendant tendered Plaintiff an Offer of Judgment pursuant to Fed. R. Civ. P. 68. (ECF No. 15-1). Rule 68 states in relevant part, "[a]t least 14

days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a).  If a plaintiff rejects a Rule 68 offer, he or she must pay costs incurred after the offer was made if the amount awarded at trial is less than the offer.  Fed. R. Civ. P. 68(d).   Defendant's Offer of Judgment stated that pursuant to Fed. R. Civ. P. 68,

> Defendant hereby offers to allow judgment to be taken against it in favor of Plaintiff Rose Jacobson, ... as follows:
>
> 1) Judgment shall be entered in the total amount of One Thousand One Dollars ($1,001.00), as against Defendant;
>
> 2) In addition, Plaintiff's costs and reasonable attorneys' fees are to be added to the judgment as against Defendant; said fees and costs shall be as are agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion; ...

(ECF No. 15-1 at 1).  Plaintiff did not accept Defendant's Offer of Judgment within fourteen days.

On September 17, 2014, I granted Defendant's motion to dismiss the complaint finding that

> when an Offer of Judgment unequivocally offers a plaintiff all the relief she sought to obtain, the offer renders the plaintiff's action moot. *See Warren*, 676 F.3d at 371; *see Lucero*, 639 F.3d at 1243.  Here, because Plaintiff waived her claim for actual damages (ECF No. 14), I find that Defendant's unequivocal Offer of Judgment of $1001.00 plus reasonable attorney's fees and costs offered Plaintiff an amount that exceeds what she can recover pursuant to 15 U.S.C. § 1692k(a).  Thus, Plaintiff's action is moot and must be dismissed for lack of subject matter jurisdiction.  *See Citizens for the Responsible Government State PAC v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (holding that "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" and "[t]he parties must continue to have a personal stake in the outcome throughout the case").

(ECF No. 22). Plaintiff appealed this ruling to the Tenth Circuit Court of Appeals, which is currently pending. Although the judgment in this action has been appealed, I retain jurisdiction to rule on these motions regarding attorney fees and costs. *See McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010).

II. DISCUSSION

    A. Defendant's Motion for Finding that Plaintiff's Complaint was Unreasonable and Vexatious (ECF No. 26)

Defendant moves for its reasonable attorney fees pursuant to 27 U.S.C. § 1927 and the Court's inherent authority to impose sanctions. In general, prevailing litigants in American courts are not entitled to collect attorney fees from their opponents. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). However, Congress and the courts have made exceptions to this "American Rule," which allow for the recovery of attorney fees. *Id.* at 257-59. Here, Defendant argues that this case falls under 28 U.S.C. § 1927, which is one exception to the rule. Under 28 U.S.C. § 1927, a court may award attorney fees when, "an attorney . . . multiplies the proceedings in any case unreasonably and vexatiously." *Id.* Sanctions under § 1927 are appropriate when an attorney acts in an "objectively unreasonable" manner. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008). The goal of § 1927 is to ensure that attorneys "regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006).

Based on my careful review of the record and despite my order granting Defendant's motion to dismiss, I do not find that Plaintiff's attorney unreasonably and

vexatiously multiplied the proceedings in this case. Also, I do not believe Plaintiff's attorney acted in an objectively unreasonable manner. Citing the district court case *Jackson v. Diversified Collection Services, Inc.*, No. 09-cv-00680-WDM-BNB, 2011 WL 1235553 (D. Colo. March 31, 2011), Defendant contends that Plaintiff's "allegation of actual damages was vexatious and unreasonable." (ECF No. 39 at 2). However, I find that *Jackson* is factually distinguishable to the matter at hand. In fact, *Jackson* represents the exceptional circumstance when an attorney fails to act reasonably and re-evaluate the merits of the claims to avoid prolonging meritless claims. In *Jackson*, the initial complaint included numerous claims. However, after months of discovery and preparation for a trial, plaintiff's attorney waited until the eve of trial to withdraw several claims and dismiss a key defendant, causing both the defendant and the court to unnecessarily expend time and resources. The court found that this failure to act earlier was "objectively unreasonable conduct in reckless disregard of the attorney's duties to this court, opposing counsel, and the legal process." *Jackson*, 2011 WL 1235553, at *6.

On the other hand, here, the Plaintiff's lawsuit arose out of alleged violations of the FDCPA by the Defendant. Less than one month after Plaintiff filed this case, the Defendant extended an Offer of Judgment, which Plaintiff did not accept. After the parties completed discovery, including the Plaintiff's deposition, the Plaintiff waived her claim for actual damages. In his response to the pending motion, Plaintiff's counsel states that at her deposition, "the Plaintiff did not understand all the questions being asked of her by Defendant's counsel" and "the Plaintiff was crying profusely at various points throughout her deposition and clearly was not in a clear emotional state." (ECF No. 32 at 5). Following the deposition, I find that Plaintiff's counsel reasonably fulfilled

his obligation in re-evaluating Plaintiff's claims and determining to waive the actual damages claim in light of the apparent emotional issue that arose during Plaintiff's deposition. Based on the record before me, I find that there is no legal basis to impose sanctions on Plaintiff's counsel pursuant to 28 U.S.C. § 1927. Accordingly, Defendant's motion is denied.

> B. Plaintiff's Motion for Review of the Court Clerk's Taxation of Costs (ECF No. 30)

Plaintiff requests that I vacate the award of costs taxed by the Clerk in favor of the Defendant pursuant to Fed. R. Civ. P. 54(d)(1). Following my order granting Defendant's motion to dismiss Plaintiff's Complaint, Defendant tendered its bill of costs for review by the Clerk of the Court in the amount of $868.08. (ECF No. 24). On October 9, 2014, the Clerk taxed costs in favor of the Defendant and against Plaintiff in the total amount of $854.08 for the cost of the Plaintiff's deposition transcript. (ECF No. 27).

The Federal Rules of Civil Procedure provide that costs, other than attorney's fees, "should be allowed to the prevailing party" unless "a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d). The term "costs" as used in Rule 54(d) allows a judge or clerk of any court of the United States to tax costs for transcripts and copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4); *In re Williams Securities Litigation*, 558 F.3d 1144, 1147 (10th Cir. 2009). "A prevailing party bears the burden of establishing the amount of costs to which it is entitled." *Id.* at 1148. The Tenth Circuit has "establish[ed] that the amount a prevailing party requests must be reasonable. Once a prevailing party establishes its right to

recover allowable costs, however, the burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed." *Id.* (internal quotations and citations omitted).

In her pending motion, Plaintiff objects to these costs, arguing that the Defendant was not the prevailing party. Specifically, Plaintiff contends that because my Order granting Defendant's motion to dismiss was based on the Court's lack of subject matter jurisdiction and was without prejudice, Defendant was not the prevailing party. Plaintiff offers no authority for this argument, and I find it without merit. "[A] defendant is a prevailing party under Rule 54(d) if a plaintiff's action is dismissed for lack of subject matter jurisdiction." *St. John Health System, Inc. v. Cohen*, No. 10-cv-0066-CVE-TLW, 2010 WL 1727971, at *6 (10th Cir. April 27, 2010); *see also GHK Exploration Co. v. Tenneco Oil Co.*, 857 F.2d 1388, 1391 (10th Cir. 1988); *Smith v. Dep't Veteran Affairs*, No. 92-6340, 1993 WL 262588, at *3 (10th Cir. July 8, 1993). Thus, here, the assessment of costs was appropriate.

Although there is no objection to the reasonableness of the cost of Plaintiff's deposition transcript, I address the issue nonetheless. The Tenth Circuit will "review the district court's award of costs only for an abuse of discretion." *Lewis v. D.R. Horton, Inc.*, Nos. 09-2032, 09-2137, 2010 WL1063887, at *9 (10th Cir. Mar. 24, 2010). "Whether materials were 'necessarily obtained for use in the case is a question of fact that [the Tenth Circuit will] review only for clear error.'" *Id.* (quoting *In re Williams*, 558 F.3d at 1149). The "necessarily obtained for use in the case" standard articulated in 28 U.S.C. § 1920 allows prevailing parties to recover costs for materials that are "reasonably necessary to the litigation of the case." *In re Williams*, 558 F.3d at 1148

(quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000)). A prevailing party may not "recover costs for materials that merely added to the convenience of the counsel or the district court." *Id.* at 1147. Here, Defendant maintains that the costs associated with Plaintiff's deposition transcript was reasonably necessary at the time it was incurred. I agree. I find that Defendant's request for costs associated with Plaintiff's deposition transcript to be reasonable because it was "necessarily obtained for use in the case." *See In re Williams*, 558 F.3d at 1147.

III. <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that Defendant's Motion for Finding that Plaintiff's Complaint was Unreasonable and Vexatious (ECF No. 26) is **DENIED**. It is

FURTHER ORDERED that Plaintiff's Motion for Review of the Court Clerk's Taxation of Costs (ECF No. 30) is **DENIED**.

Dated: May 5, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge